IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN ELLIS BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:16cv470-ALB |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Before the court is Petitioner Jonathan Ellis Brown's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence imposed in 2004 under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Doc. 1).[1] *See United States v. Brown*, Case No. 2:03cr243-MEF (M.D. Ala. Sep. 14, 2004) (criminal judgment). Through counsel,[2] Brown filed this § 2255 motion—his first—challenging his designation as an armed career criminal under the ACCA based upon the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Brown argues that, under the *Johnson* decision, in which the Supreme Court held that the residual clause of the "violent felony" definition in the ACCA is unconstitutional, he no longer has three prior convictions that

---

[1] Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

[2] Brown filed his § 2255 motion through this District's Federal Defender Organization.

qualify as ACCA predicates. He seeks resentencing without application of the ACCA. For the reasons that follow, Brown's § 2255 motion is due to be denied.

## II. BACKGROUND

### A. Brown's Criminal Case

In June 2004, Brown pleaded guilty under a plea agreement to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). A conviction under § 922(g)(1) normally carries a sentence of not more than ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, under the ACCA, an individual who violates § 922(g) and has three or more prior convictions for a "violent felony," a "serious drug offense," or both, is subject to an enhanced sentence of not less than fifteen years. 18 U.S.C. § 924(e)(1); *see also Descamps v. United States*, 570 U.S. 254, 258 (2013) (noting the typical statutory maximum sentence and the ACCA's heightened mandatory minimum for § 922(g) convictions).

In 2004, when Brown was sentenced, the ACCA defined a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i) & (ii). These definitions of "violent felony" fall into three respective categories: (1) the elements clause; (2) the enumerated-offenses clause; and (3) and the (now void) residual clause. *See In re Sams*, 830 F.3d 1234, 1236–37 (11th Cir. 2016).

In Brown's case, the U.S. Probation Officer indicated in the presentence investigation report ("PSI") that Brown was subject to an ACCA-enhanced sentence. *See* Doc. 9-4 at 7, ¶ 21; *id*. at 17, ¶ 66. The PSI reflected that Brown had numerous prior felony convictions. However, the PSI did not specify which of these prior felony convictions qualified as predicate convictions subjecting Brown to the ACCA enhancement. Nor did the PSI specify which clause of the ACCA definition of "violent felony" any of the prior convictions fell under.

The court held Brown's sentencing hearing on August 31, 2004.[3] The district court sentenced Brown under the ACCA to 180 months in prison.[4] A transcript of Brown's sentencing hearing is not in the record, and the record does not contain findings by the sentencing court designating which of Brown's prior felony convictions qualified as predicate convictions subjecting him to the ACCA enhancement. The record does not include findings by the sentencing court specifying which clause of the ACCA definition of "violent felony" was applicable to any of Brown's prior convictions.

**B.     Supreme Court *Johnson* Decision**

Ten years after Brown was sentenced, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court reasoned: "[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary

---

[3] *See* Case No. 2:03cr243-MEF.

[4] Brown did not appeal his conviction or sentence.

3

enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the *Johnson* decision announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

**C.     Brown's *Johnson* Claim**

On June 21, 2016, Brown filed this motion pursuant to § 2255 arguing that under *Johnson* he is entitled to be resentenced without the ACCA enhancement. (Doc. 1). Brown maintains that the sentencing court relied on the now-void residual clause to classify some of his prior felony convictions as "violent felonies" under the ACCA. He contends that when those convictions are removed from consideration, he no longer has the requisite three prior convictions for violent felonies to qualify for sentencing under the ACCA.[5]

The Government argues that six of the prior convictions referenced by Brown in his § 2255 motion—and set forth in the PSI—qualified as violent felonies under the ACCA's elements clause and were therefore unaffected by *Johnson*'s holding voiding the ACCA's residual clause. (Doc. 9). The Government argues that each of the following of Brown's prior convictions was a violent felony under the elements clause:

- a 1992 conviction for first-degree sexual abuse in the Circuit Court of Autauga County, Alabama (Case No. CC 92-176);

- a 1995 conviction for second-degree assault in the Circuit Court of Autauga County, Alabama (Case No. CC 95-76);

---

[5] None of Brown's prior felony convictions were for a "serious drug offense," as that term is defined for purposes of the ACCA.

4

- a 1995 conviction for second-degree assault in the Circuit Court of Autauga County, Alabama (Case No. CC 95-77);

- a 1995 conviction for second-degree assault in the Circuit Court of Autauga County, Alabama (Case No. CC 95-78);

- a 1995 conviction for second-degree assault in the Circuit Court of Autauga County, Alabama (Case No. CC 95-146); and

- a 2000 conviction for second-degree assault in the Circuit Court of Monroe County, New York (Case No. CC 2000-336).

*See* Doc. 9 at 2–3; Doc. 9-4 at 8–12, ¶¶ 28, 30, 31, 32, 34 & 37.

**D.     Eleventh Circuit's Intervening Decision in *Beeman***

After the parties filed their pleadings in this case, the Eleventh Circuit decided *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017). In *Beeman*, the Eleventh Circuit held that a § 2255 movant bears the burden of proving a *Johnson* claim, stating:

> To prove a *Johnson* claim, a movant must establish that his sentence enhancement "turn[ed] on the validity of the residual clause." In other words, he must show that the clause actually adversely affected the sentence he received. Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

871 F.3d at 1221 (internal footnote and citation omitted). Because the "burden of proof and persuasion" was "critical" to its decision, the Eleventh Circuit in *Beeman* elaborated that, "[t]o prove a *Johnson* claim, the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *Id.*

5

at 1221–22. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id*. at 1222.

The Eleventh Circuit in *Beeman* emphasized that the movant must prove a "historical fact"—namely, that at the time of sentencing, the defendant was "sentenced solely per the residual clause." *Id.* at 1224 n.5. The Eleventh Circuit has explained that, under *Beeman*, "[t]o determine this 'historical fact,'" the § 2255 court "look[s] first to the record" and, if the record is not determinative, "to the case law at the time of sentencing." *United States v. Pickett*, 916 F.3d 960, 963 (11th Cir. 2019). "Sometimes the answer will be clear—'[s]ome sentencing records may contain direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential.'" *Id*. (quoting *Beeman*, 871 F.3d at 1224 n.4). The court "might also look elsewhere in the record, to a PSI, for example, to find 'circumstantial evidence.'" *Id*. at 963–64 (quoting *Beeman*, 871 F.3d at 1224 n.4).

## III.  DISCUSSION

Because Brown cannot show that his ACCA sentence enhancement "turned on the validity of the residual clause," his § 2255 motion and claim for relief under *Johnson* collapse under the weight of the Eleventh Circuit's decision in *Beeman*. *See* 871 F.3d at 1221.

### A.  Categorical and Modified Categorical Analyses of Prior Convictions

The Supreme Court in *Johnson* held the ACCA's residual clause to be

6

unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Johnson*, 135 S.Ct. at 2557–58. The Court clarified that, in holding that the residual clause is void, it did not call into question the application of the elements clause and the enumerated-offenses clause of the ACCA's definition of a violent felony. *Id*.

To determine whether a prior conviction qualifies as a violent felony under the ACCA's elements clause, 18 U.S.C. § 924(e)(2)(B)(i), courts are to employ a "categorical approach" and compare the elements of the statute forming the basis of the defendant's conviction and the elements of the generic offense. *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the statute necessarily requires the government to prove as an element of the offense the use, attempted use, or threatened use of physical force, then the offense categorically qualifies as a violent felony. *United States v. Davis*, 875 F.3d 592, 596 (11th Cir. 2017); *see* 18 U.S.C. § 924(e)(2)(B)(i). Under the categorical approach, courts are to presume that a conviction rested upon nothing more than the least of the acts criminalized. *United States v. Estrella*, 758 F.3d 1239, 1254 (11th Cir. 2014).

The Supreme Court has also adopted a "modified categorical approach" for a sentencing court to use to decide whether an ACCA enhancement applies when the defendant was convicted under a divisible statute—i.e., a statute that sets out one or more elements of the offense in the alternative. *Descamps*, 570 U.S. at 257. A statute is not divisible if it merely lists diverse means of satisfying a single element of a single crime, in which case a jury need not find any particular item. *Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016). The central distinction is between alternative elements of a crime and

7

alternative facts. *Id.* at 2248. In examining whether a statute contains alternative elements, a court may look at state court decisions, the statute itself, the indictment, and jury instructions. *Id*. at 2256–57.

To determine the nature of a prior conviction under the modified categorical approach, a court is limited to considering the statutory definition of the offense of the conviction, the charging document, the written plea agreement, the transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. *Shepard v. United States*, 544 U.S. 13, 16, (2005). A court also may consider undisputed facts found in the PSI and any addendum. *United States v. Ramirez-Flores*, 743 F.3d 816, 823 (11th Cir. 2016); *United States v. Bennett*, 472 F.3d 825, 833–34 (11th Cir. 2006).

**B.     Brown's Alabama Convictions for Second-Degree Assault**

This court's discussion below focuses on three of Brown's prior convictions—specifically, three of his four Alabama convictions for second-degree assault—and finds that Brown fails to show, as required by *Beeman*, that the sentencing court, more likely than not, relied on the ACCA's residual clause to count these convictions as "violent felonies" to qualify Brown for ACCA enhancement. *See Beeman*, 871 F.3d at 1221–22. Because Brown cannot show that his ACCA-enhanced sentence turned on the validity of the residual clause, his *Johnson* claim fails and his § 2255 motion is due to be denied.

When the district court sentenced Brown in 2004, Brown had four prior Alabama convictions for second-degree assault in the Circuit Court of Autauga County, all of them

obtained in 1995.[6] *See* Doc. 9-4 at 9–11, ¶¶ 30, 31, 32 & 34. At the time of those offenses, Alabama defined second-degree assault as follows:

> (a) A person commits the crime of assault in the second degree if the person does any of the following:
>
> (1) With intent to cause serious physical injury to another person, he or she causes serious physical injury to any person.
>
> (2) With intent to cause physical injury to another person, he or she causes physical injury to any person by means of a deadly weapon or a dangerous instrument.
>
> (3) He or she recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument.
>
> (4) With intent to prevent a peace officer, as defined in Section 36-21-60, or emergency medical personnel or a firefighter from performing a lawful duty, he or she intends to cause physical injury and he or she causes physical injury to any person.
>
> (5) With intent to cause physical injury to a teacher or to an employee of a public educational institution during or as a result of the performance of his or her duty, he or she causes physical injury to any person.
>
> (6) For a purpose other than lawful medical or therapeutic treatment, he or she intentionally causes stupor, unconsciousness, or other physical or mental impairment or injury to another person by administering to him or her, without his or her consent, a drug, substance or preparation capable of producing the intended harm.

Ala. Code § 13A-6-21 (as amended by Acts 1994, 1st Ex. Sess. No. 94-794).

---

[6] The PSI designates some of these convictions as being for first-degree assault. However, Brown asserts—and the Government acknowledges—that the assault convictions listed in the PSI were all ultimately for second-degree assault. *See* Doc. 1 at 5–7; Doc. 9 at 15 n.1. The PSI indicates that each assault conviction arose out of a separate incident and involved a different victim. *See* Doc. 9-4 at 9–11, ¶¶ 30, 31, 32 & 34.

9

Alabama's second-degree assault statute is divisible because the statute, on its face, sets out elements in the alternative; i.e., the statute lists "separate crimes." *See Descamps*, 570 U.S. at 257. As a result, use of the modified categorical approach would be appropriate for determining which of those crimes Brown was convicted of committing. However, it cannot be conclusively determined from the record which of the "separate crimes" listed in Ala. Code § 13A-6-21 Brown was convicted of for each prior second-degree assault conviction in Alabama. The PSI did not specify which subsection of § 13A-6-21 Brown was convicted under for each assault conviction, and a transcript of Brown's sentencing hearing is not in the record. Nor does the record contain any copies of the indictments, plea agreements, guilty plea hearings, or sentencing orders from the state court proceedings related to Brown's convictions for second-degree assault.

Although copies of his Alabama assault indictments are not in the record before this court, Brown refers in his § 2255 motion to what he says are the general contents of the indictments in those case. *See* Doc. 1 at 5–7. Brown maintains that his indictment in the Circuit Court of Autauga County in Case No. CC 95-76 tracked the language of § 13A-6-21(a)(2) of the second-degree assault statute, but did not identify a subsection of the statute charged. Doc. 1 at 5–6. Brown states that his indictment in the Circuit Court of Autauga County in Case No. CC 95-77 identified the charge against him as "Assault I," but tracked the "recklessly caused" language of § 13A-6-21(a)(3) of the second-degree assault statute. (Doc. 1 at 6). Brown states that his indictment in the Circuit Court of Autauga County in Case No. CC 95-78 identified the charge as "Assault I" but that all documents related to his plea and conviction in that case identified the offense of conviction as second-degree

assault. (Doc. 1 at 6). Finally, Brown states that his indictment in the Circuit Court of Autauga County in Case No. CC 95-146 tracked the language of § 13A-6-21(a)(2) of the second-degree assault statute, but did not identify a subsection of the statute charged. (Doc. 1 at 6–7).

Brown appears to argue that because it cannot be conclusively determined under which subsection of § 13A-6-21 he was convicted for each of his second-degree assault convictions, these convictions should not qualify as violent felonies under the ACCA's elements clause, as opposed to the now-void residual clause. Brown also appears to argue that because his conviction in Case No. CC 95-77 was likely under § 13A-6-21(a)(3), which requires reckless conduct rather than intentional conduct, his conviction in that case did not qualify as a violent felony under the ACCA's elements clause.[7]

The Government argues that regardless under which of the "separate crimes" listed in § 13A-6-21 Brown was convicted, the least of the acts criminalized under each alternative basis for committing second-degree assault under the statute includes as an element the use, attempted use, or threatened use of physical force and therefore qualifies as a violent felony under the ACCA's elements clause. (Doc. 9 at 16–17). The Government maintains that Brown's conviction in Case No. CC 95-77 for purposes of the ACCA

---

[7] Here, Brown appears to rely implicitly on the Eleventh Circuit's holding in *United States v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010), "that a conviction predicated on a mens rea of recklessness does not satisfy the 'use of physical force' requirement under [United States Sentencing Guidelines] § 2L1.2's definition of 'crime of violence.'" 606 F.3d at 1336. That holding would seem to extend to the ACCA, since "[i]n this Circuit, there is no material difference between the ACCA's use of the phrase 'violent felony' and the guidelines' use of the phrase 'crime of violence.'" *United States v. Young*, 336 F. App'x 954, 957, n.2 (11th Cir. 2009). *See United States v. Harrison*, 558 F.3d 1280, 1291–92 (11th Cir. 2009); *United States v. Archer*, 531 F.3d 1347, 1350 n.1 (11th Cir. 2008).

11

involved the use, attempted use, or threatened use of physical force includes the "reckless" use of physical force, so that a conviction under § 13A-6-21(a)(3), although involving reckless conduct, is nonetheless a violent felony under the ACCA's elements clause. (Doc. 9 at 18–21). However, this court need not address the issue of the propriety of classifying a "reckless assault" conviction under § 13A-6-21(a)(3) as a violent felony under the ACCA's elements clause or, relatedly, consider whether Brown's conviction in Case No. CC 95-77 was a violent felony under the elements clause, because, as to Brown's remaining three Alabama convictions for second-degree assault, Brown fails to carry his burden under *Beeman* of demonstrating that, more likely than not, the district court relied on the residual clause to find that any of these three convictions were violent felonies for purposes of the ACCA.

The ACCA defines a violent felony as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i); *see Davis*, 875 F.3d at 596. For purposes of the elements clause, "the phrase 'physical force' means *violent* force—that is, force capable of causing pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Consideration of the various "separate crimes" listed in Ala. Code § 13A-6-21 supports the conclusion that the least of the acts criminalized under each alternative basis for committing second-degree assault under the statute—with the exception of the offense set forth in § 13A-6-21(a)(3)— includes as an element the use, attempted use, or threatened use of physical force. It is enough, then, to say that at least five subsections of the Alabama second-degree assault statute set forth crimes that include as an element the use, attempted use, or threatened use

of physical force, thereby qualifying as a violent felony under the ACCA's elements clause. *See* § 13A-6-21(a)(1), (2) & (4)–(6).

In resolving Brown's *Johnson* claim, this court considers Brown's following three Autauga County, Alabama convictions for second-degree assault: (1) a 1995 conviction in Case No. CC 95-76; (2) a 1995 conviction in Case No. CC 95-78; and (3) a 1995 conviction in Case No. CC 95-146. The PSI did not specify under which subsection of Ala. Code § 13A-6-21 Brown was convicted for each of these convictions, and a transcript of Brown's 2004 sentencing hearing is not in the record. The record also contains no copies of the indictments, plea agreements, guilty plea hearings, or sentencing orders from the state court proceedings related to the convictions. The few available relevant facts about these convictions are as follows.

Case No. CC 95-76. Brown states in his § 2255 motion that the indictment in Case No. CC 95-76 tracked the language of § 13A-6-21(a)(2) of the second-degree assault statute, but did not identify a subsection of the statute charged. Doc. No. 1 at 6. The PSI indicates that Brown assaulted the victim in the case by striking him on the back of the head with an unknown type of stick or club and beating the victim about his head and torso. (Doc. 9-4 at 9, ¶ 30).

Case No. CC 95-78. Brown states in his § 2255 motion that although the indictment in Case No. CC 95-78 identified the charge as "Assault I," all documents related the plea and conviction in that case identify the offense of conviction as second-degree assault. (Doc. 1 at 6). The PSI indicates that the victim in the case stated that, after snatching money from the victim, Brown retrieved a shotgun and shot the victim in the leg. (Doc. 9-

13

4 at 10, ¶ 32). Police responding to the scene found the victim lying in the street with a single gunshot wound to his left leg. *Id.*

Case No. CC 95-146. Brown states in his § 2255 motion that the indictment in Case No. CC 95-146 tracked the language of § 13A-6-21(a)(2) of the second-degree assault statute, but did not identify a subsection of the statute charged. (Doc. 1 at 6–7). The PSI indicates that Brown beat the victim's head against a kitchen table. (Doc. 9-4 at 12, ¶ 34). Police responding to the scene found the victim with a three-inch cut to her forehead. *Id*. Her skull was exposed and there was a large amount of bleeding from the wound. *Id*.

The evidence weighs in favor of finding that, for the three second-degree assault convictions outlined above, Brown was convicted under § 13A-6-21(a)(2). The Eleventh Circuit has specifically recognized that a conviction for second-degree assault under § 13A-6-21(a)(2) is a violent felony under the ACCA's elements clause. *See United States v. Mitchell,* 724 F. App'x 784, 787 (11th Cir. 2018). Nothing in the record suggests that the sentencing court in 2004 relied on the ACCA's residual clause, solely or partially, to find that the three above-discussed assault convictions were violent felonies for purposes of the ACCA. Because Brown fails to show, as required by *Beeman*, that the sentencing court, more likely than not, relied on the ACCA's residual clause to count these convictions as violent felonies qualifying Brown for ACCA enhancement, Brown's *Johnson* claim as to these convictions fails. *See Beeman*, 871 F.3d at 1221–22.

Because these three prior Alabama second-degree assault convictions were sufficient, standing alone, to support application of the ACCA enhancement in Brown's case, this court pretermits discussion of whether Brown's New York second-degree assault

conviction qualified as a violent felony under the ACCA's elements clause, just as this court pretermits discussion of Brown's Alabama sexual abuse conviction[8] or a definitive analysis of whether an Alabama second-degree assault conviction under Ala. Code § 13A-6-21(a)(3) qualifies as a violent felony under the ACCA's elements clause.

A movant cannot sustain his burden under *Johnson* by demonstrating that it is "merely possible that the court relied on [the residual clause] to enhance the sentence." *Beeman*, 871 F.3d at 1221. Here, the record is unclear, and "'where . . . the evidence does not clearly explain what happened[,] . . . the party with the burden loses.'" *Id*. at 1225. That party is Brown. This court finds that Brown has the requisite three ACCA predicates for sentencing enhancement.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Petitioner Jonathan Ellis Brown's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (Doc. No. 1) is DENIED.

It is further ORDERED that, because Brown's § 2255 motion does not demonstrate "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

---

[8] This court notes that in *United States v. Davis*, 875 F.3d 592 (11th Cir. 2017), the Eleventh Circuit set aside a petitioner's ACCA-enhanced sentence upon finding that the sentencing court erred in concluding that the petitioner's prior Alabama conviction for first-degree sexual abuse—specifically sexual abuse by forcible compulsion under § 13A-6-66(a)(1)—was a violent felony under the ACCA's elements clause. *See* 875 F.3d at 604. In vacating the petitioner's sentence, the Eleventh Circuit held that the Alabama Supreme Court's interpretation of forcible compulsion "means that Alabama's statute defining sexual abuse by forcible compulsion does not categorically include as an element the use, attempted use, or threatened use of physical force as that term is defined by federal law." *Davis*, 875 F.3d at 604.

A final judgment will be entered separately.

**DONE** and **ORDERED** this 26th day of September 2019.

                                            /s/ Andrew L. Brasher
                                   ANDREW L. BRASHER
                                   UNITED STATES DISTRICT JUDGE